**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4038**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

BEVERLY DIANNE VAZQUEZ,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:09-cr-00264-WO-1)

Submitted: October 19, 2011        Decided: November 1, 2011

Before WILKINSON, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Beverly Dianne Vazquez appeals a thirty-seven-month sentence following a guilty plea to twelve counts of aiding and assisting the preparation of false income tax returns, in violation of 26 U.S.C. § 7206(2) (2006). Vazquez's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he could identify no meritorious issues for appeal, but questioning whether Vazquez's sentence is reasonable. Vazquez was informed of her right to file a pro se supplemental brief, but has not done so. The Government declined to file a responsive brief. We affirm the district court's judgment.

We review a sentence for procedural and substantive reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Where, as here, an appellant has preserved her challenge by drawing arguments from the 18 U.S.C. § 3553(a) (2006) factors "for a sentence different than the one ultimately imposed," an abuse of the court's discretion must be reversed unless it constitutes harmless error. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the § 3553 factors, analyzed any arguments

presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

This court assesses the substantive reasonableness of the sentence by "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). We presume that a sentence within a properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). That this court would have imposed a different sentence is not reason alone to vacate the district court's sentence. United States v. Morace, 594 F.3d 340, 346 (4th Cir.), cert. denied, 131 S. Ct. 307 (2010).

At sentencing, Vazquez objected to the two-level obstruction of justice enhancement in the presentence report, which established an applicable sentencing range of 37-46 months. The district court granted Vazquez's objection, reducing the advisory sentencing range to 30-37 months. Although Vazquez argued for a downward departure to probation,

3

the district court imposed a sentence of thirty-seven months. We discern no error in Vazquez's sentence. The court used the correct advisory Guidelines range, explained its reasoning, and considered the § 3553(a) factors. The court further emphasized the severity of Vazquez's offense, coupled with her refusal to accept responsibility for her offense, in support of imposition of a sentence at the top of the advisory Guidelines range.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm the district court's judgment. This court requires that counsel inform Vazquez, in writing, of her right to petition the Supreme Court of the United States for further review. If Vazquez requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vazquez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED